676 A.2d 234

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Bobby K. GOODMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1996.

Decided May 23, 1996.

Mark Cichowicz, Williamsport, for Bobby Goodman.

Kenneth A. Osokow, Philadelphia, for Commonwealth.

Before NIX, C.J., FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NIGRO, Justice.

In this criminal case, Appellant Bobby K. Goodman appeals from the Order of the Superior Court affirming his conviction in the Court of Common Pleas of Lycoming County for obstructing the administration of law or other governmental function in violation of 18 Pa. Cons.Stat.Ann. § 5101.

On November 19, 1993, Officer Musheno of the Williamsport Police Department caught Appellant stealing cigarettes and food items from a local shopping market. Appellant gave Officer Musheno a false name, false address, and false date of birth. After Officer Musheno placed the Appellant inside his police vehicle and started to drive to the incorrect address,

Appellant acknowledged that he had used an alias and gave his true name and address. Officer Musheno then took Appellant to this second address where Appellant produced welfare and social security identification cards which correctly identified him as Bobby K. Goodman and listed his correct address and date of birth.

Appellant was charged with one count of retail theft, in violation of 18 Pa. Cons.Stat.Ann. § 3929, and one count of obstructing the administration of law or other governmental function, in violation of 18 Pa. Cons.Stat.Ann. § 5101.

On April 22, 1994, Appellant entered a plea of guilty to the retail theft charge. After a non-jury trial that same day, Appellant was convicted of obstructing the administration of law or other governmental function for giving a false name and address to Officer Musheno. The trial court sentenced Appellant to concurrent sentences of two to six years imprisonment for retail theft and one to two years imprisonment for obstructing the administration of law.[1]

The Superior Court affirmed Appellant's section 5101 conviction reasoning that Appellant obstructed the administration of law by giving a false name and address to a police officer in violation of Pennsylvania's Judicial Change of Name statute. It found that Appellant's use of an alias without having obtained a name change by court order constituted an unlawful act. Having shown that Appellant committed this unlawful act, the Superior Court concluded that the Commonwealth had established obstruction of the administration of law under section 5101.

Judge Kelly, however, dissented and concluded that there was insufficient evidence to support Appellant's conviction under 18 Pa.C.S.A. § 5101. Judge Kelly disagreed with the Majority's view that the legislature intended section 5101 to apply to someone such as Appellant who momentarily provided a police officer with a false name and address. We agree with Judge Kelly and therefore vacate Appellant's conviction

---

1. Appellant's conviction and sentence for retail theft is not at issue in this appeal.

for obstructing the administration of law or other governmental function under 18 Pa. Const.Stat.Ann. § 5101.

The issue before this Court is whether there was sufficient evidence to prove that Appellant's conduct violated 18 Pa. Cons.Stat.Ann. § 5101. Section 5101 provides in relevant part:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs, or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, *or any other unlawful act,* except that this section does not apply to flight by a person charged with a crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with the law without affirmative interference with governmental functions.

18 Pa. Cons.Stat.Ann. § 5101 (emphasis added).

In order to establish that Appellant obstructed the administration of law under section 5101, the Commonwealth must establish that: (1) the defendant had the intent to obstruct the administration of law; and (2) the defendant used force or violence, breached an official duty or committed an unlawful act. *See* 18 Pa. Cons.Stat.Ann. § 5101; *see also Commonwealth v. Gentile,* 433 Pa.Super. 381, 385, 640 A.2d 1309, 1312 (1994), *appeal granted,* 541 Pa. 634, 663 A.2d 687 (1995). It is undisputed that Appellant did not use force or violence or breach an official duty. Furthermore, we find that the Commonwealth has not shown that Appellant committed an unlawful act by violating the change of name statute. It has thus not established the elements required to sustain Appellant's conviction for obstruction of the administration of law.

Pennsylvania's Judicial Change of Name statute is entirely procedural in nature and provides the methods by which a person or a minor child may change his or her name on a permanent basis.

Section 701 of the Judicial Change of Name statute requires court approval for a change of name. Section 701 reads as follows:

(a) **General Rule.**——It shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such change in name is made pursuant to proceedings in court as provided by this chapter.

(b) **Informal change of name.**——Notwithstanding subsection (a), a person may at any time adopt and use any name if such name is used consistently, nonfraudulently and exclusively.

Section 701 provides that it is unlawful for persons to "assume" a false name without court approval for the name change, but makes no mention of persons who use a false name in a single, isolated instance. It is well-settled under principles of statutory construction that this Court adopts the plain meaning of an unambiguously worded statute such as Section 701. *See* 1 Pa.C.S.A. § 1903 (when the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage); *see, e.g., Commonwealth v. Hagan,* 539 Pa. 609, 615–16, 654 A.2d 541, 544–45 (1995); *Commonwealth v. Bell,* 512 Pa. 334, 340, 516 A.2d 1172, 1175 (1986).

 In addition, the legislative history of Pennsylvania's Judicial Change of Name statute supports its plain language. The Historical and Statutory Notes to section 701 set forth in detail the procedural requirements which must be fulfilled when a person petitions for a change of name before the Court of Common Pleas in the county where he or she resides. *See* Historical and Statutory Notes, 54 Pa.C.S.A. § 701. The primary purpose of the Judicial Change of Name statute, other than with regard to minor children, is to prohibit fraud by those trying to avoid financial obligations. *See In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes–Palaia,* 530 Pa. 388, 392, 609 A.2d 158, 160 (1992). This intent is reflected in the

penalty provision of the statute, which applies only to "person[s] violating the provisions of this chapter for the purpose of avoiding payment of taxes or other debts." 54 Pa. Cons. Stat.Ann. § 705.

Both the plain language of section 701 and the legislative history of the Judicial Change of Name statute dictate that Appellant's conduct does not even implicate, much less violate, section 701. Appellant never attempted to change his name on a permanent basis. Rather, while already in police custody, Appellant gave a false name and address on one occasion in response to a police officer's questioning prior to being processed at the police station.[2] Shortly thereafter, Appellant provided the same police officer with his true name and address, which he later verified by producing welfare and social security identification cards.

As explained above, section 701 only applies to those individuals who attempt to change their name on a permanent basis in order to avoid their financial obligations. Appellant's use of a false name and address in response to a police officer's questioning in a single, isolated instance, prior to being processed at the police station, does not violate section 701. Absent any unlawful act, there is insufficient evidence to establish that Appellant's conduct violated section 5101.[3] Thus, the order of the Superior Court is reversed, and Appellant's section 5101 conviction is vacated.

CAPPY, J., files a concurring opinion in which NIX, C.J., joins.

ZAPPALA, J., concurs in the result.

**2.** This Court may find sufficient evidence to sustain a § 5101 conviction for a different unlawful act if a defendant gave an alias while being processed for arrest at the police station. When a defendant uses an alias during processing, such fraud particularly burdens the criminal justice system and the ability of the police to execute bench warrants.

**3.** Moreover, it is questionable whether even the first element under § 5101——the intent requirement——is satisfied in this case. While Appellant gave Officer Musheno an alias while in police custody, he provided his true identity before being processed at the police station. Appellant's conduct does not clearly demonstrate that he intended to avoid arrest or otherwise obstruct the administration of law.

CAPPY, Justice, concurring.

I join the majority opinion in all respects except for the conclusion drawn in footnote 2, which I find to be advisory *dicta* and not relevant to that which is at issue in the case *sub judice.* Accordingly, I write separately only to disassociate myself with that footnote.

NIX, C.J., joins this concurring opinion.