**In re Change of Name of Mary RAVITCH.**

**Appeal of Mary Ravitch, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 2000.
Filed June 26, 2000.

Paula Katchmer, Lancaster, for appellant.

Before STEVENS, MUSMANNO and LALLY–GREEN, JJ.

STEVENS, J.:

¶ 1 Appellant, Mary Ravitch, appeals from the order of the Court of Common Pleas of Lancaster County denying her petition to change name. For the following reasons, we affirm.

¶ 2 On October 26, 1998, Appellant filed a petition to change her name from "Mary Ravitch" to "Mary R." pursuant to 54 Pa. C.S. §§ 701–705.[1] After determining that Appellant had complied with necessary statutory prerequisites[2] to the process, the trial court presided over an uncontested hearing on the matter. At the hearing, Appellant testified briefly that she no longer wished to use her ex-husband's surname "Ravitch" and did not want to revert to her premarital surname "Gon." Instead, she preferred to assume the "nice and simple" letter "R" as her surname.

¶ 3 Despite the absence of any party objection to Appellant's request, the common pleas court denied the petition in its order filed on January 20, 1999, because, *inter alia:*

. . .

3. Petitioner does not have her own business and does not intend to be involved in show business;
4. No reason, valid or otherwise, was stated for the name change to an initial;
5. While there is no evidence that this request is being made for any ulterior purpose, if it were permitted and other individuals were also allowed the same or similar changes, the likelihood of fraud, mistake, confusion, and repeated and egregious error would likely result;
6. Our society's record-keeping ability and concept of law and order would dissipate into chaos and confusion if its citizenry were to utilize names which consisted of initials, numbers, symbols, etc. in their general day-to-day affairs; and
7. This Court chooses to exercise its discretion to deny this change of name in order to comport with good and common sense, to avoid disruption in official and business records, in the interest of common decency, the protection of the public, fairness to all concerned and to the public, and for the public good.

Trial Court's Order filed 1/20/99 at 1–2 (footnote omitted). This timely appeal followed.

¶ 4 The primary purpose of the Judicial Change of Name Statute, other than with regard to minor children, is to prohibit fraud by those attempting to avoid

---

1. Sections 701 and 702 provide as follows:

   § 701. **Court approval required for change of name**

   (a) *General rule.*—It shall be unlawful for any person to assume a different name by which such person is and has been known, unless such change in name is made pursuant to proceedings in court as provided by this chapter.

   (b) Informal change of name.—Notwithstanding subsection (a), a person may at any time adopt and use any name if such name is used consistently, nonfraudulently and exclusively.

   § 702. **Change by order of court**

   The court of common pleas of any county may by order change the name of any person resident in the county.

   Sections 703, 704, and 705 are not relevant to the within case.

2. See "**Historical and Statutory Notes**" to Section 701.

financial obligations. *Matter of McIntyre*, 552 Pa. 324, 328, 715 A.2d 400, 402 (1998). Inquiry extends beyond the intentions of the petitioner, however, and a court may properly exercise its wide discretion to refuse a requested name if the name is bizarre or unduly lengthy or difficult to pronounce or possessive of a ridiculous offensive connotation. *Id.* at 329 n. 6, 715 A.2d at 402 n. 6.; *But see In re Harris*, 707 A.2d 225, 229 (Pa.Super.1997) (Popovich, J., concurring) (inquiry limited to determination that procedural requirements were met and that intentions were not fraudulent). A court must, therefore, discharge its discretion in a way as to comport with good sense, common decency, and fairness to all concerned and to the public. *In re Harris*, 707 A.2d at 227 (Pa.Super.1997).

■ ¶ 5 Here, the trial court acknowledges that Appellant did not seek a name change in order to perpetrate any type of fraud, financial or otherwise. Nonetheless, the court based its denial largely on the theory that to permit use of an initial for a surname would have far-reaching consequences, listed *supra*, adverse to the public interest. We agree that such public interest concerns counsel against permitting the official use of an initial as a surname, particularly where a petitioner fails to demonstrate that the desired name carries any special meaning or significance.

¶ 6 While there is naturally some confusion attendant to all name changes, Appellant's desired surname is so bizarre that it would likely be met with repeated suspicion and distrust in both business and social settings. Indeed, far from being a "nice and simple" identifier, an initialized surname has traditionally been used to preserve one's anonymity in various contexts. We thus associate Appellant's request with routinely denied requests for numerical or symbolized surnames rather than with those accepted requests for non-western or gender-transitional names. *See In re Ferner*, 295 N.J.Super. 409, 419–421, 685 A.2d 78, 83–84 (1996) (reasoning that "[d]ifferent factors counsel against permitting a legal name change to something other than a word recognizable as a name."). Finally, we must note that if courts were to permit initialized official names as a matter of course, we would invite surname replication at an exponential rate, greatly in excess of what is currently experienced with common surnames, so as to make informal identification burdensome at best.

■ ¶ 7 We find, therefore, that the trial court properly exercised its discretion when it ruled that the public interest overrides Appellant's personal interest in choosing the letter "R" as her official surname. Where, as here, the desired name is devoid of any significance to the petitioner and would likely spawn insurmountable difficulties affecting both the petitioner and the general population, its denial is proper. Though we are to interpret the Judicial Change of Name Statute liberally, we will not extend the statute to permit one to officially identify oneself by use of a mere alphabetical symbol instead of by a meaningful word or name. Such a sweeping extension of the statute should come by legislative action, if at all, and not by judicial determination. Accordingly, we affirm the order of the court below.

¶ 8 Affirmed.