# In re Temes

C.P. of Indiana County, no. 11139 CD 2006.

*Alan Georges Temes,* pro se.

HANNA, *J.,* September 15, 2006—This matter comes before the court on plaintiff's petition for a change of name. For the reasons set forth below, the court denies this petition.

## FACTS AND PROCEDURAL HISTORY[1]

On June 2, 2006, Alan Georges Temes filed a pro se petition to change his name to: "Alan Georges Temes a.k.a. talks to trees". The court took testimony on this petition on July 28, 2006. At the hearing, Mr. Temes stated that he wished to add "a.k.a. talks to trees" to his name and henceforth use both his birth name and his new name. Upon further questioning from the court, it became clear that Mr. Temes wished to use the two names interchangeably, rather than as an entire name, and in essence was asking the court to approve his use of two different legal names. Mr. Temes explained that his parents were Holocaust survivors, he was the last of his family and he wished to honor his heritage and not give up his birth name. At the same time, he has used the name "talks to trees" professionally and personally for five to six years and wishes to formalize his use of that name. He provided the court with copies of two conference catalogs

1. The court derives these facts from the pleadings and the testimony of Mr. Temes at the hearing.

at which he had spoken under the name "talks to trees" and testified that he uses the name "talks to trees" on course syllabi.[2] Mr. Temes explained that he has adopted the name "talks to trees" largely as a result of an experience he had when his father was quite ill. After receiving bad news about his father's health, Mr. Temes went to the Botanical Gardens in Brooklyn, NY. While there, he was leaning against a tree and began to feel a sense of communication with the tree, eventually talking to the tree as a way of relieving his stress. The name "talks to trees" is spiritually meaningful to Mr. Temes and he feels it communicates more about who he is than his familial name.

## DISCUSSION AND ANALYSIS OF ISSUES

The court initially notes that Mr. Temes' petition is insufficient for technical reasons. Pennsylvania law requires that notice of the name change petition and the hearing date be published in two local newspapers. 54 Pa.C.S. §701(a.1)(3)(ii)(A). Mr. Temes provided proof of publication of notice in the *Indiana Gazette* and the *Indiana Law Journal*. Unfortunately, the notice published in the *Indiana Law Journal* did not specify the proposed name change. For this reason, the petition is procedurally insufficient and cannot be granted. Nonetheless, the court will consider Mr. Temes' request for name change and the novel issue it presents.

The Judicial Change of Name Statute was created to prevent fraud by those attempting to avoid financial obligations. *Matter of McIntyre*, 552 Pa. 324, 328, 715 A.2d 400, 402 (1998). The Pennsylvania Supreme Court

---

2. Mr. Temes is a professor of health and physical education.

has interpreted the Change of Name Statute to indicate a liberal policy regarding change of name requests. *In re Grimes,* 530 Pa. 388, 392, 609 A.2d 158, 160 (1992). Judicial involvement should focus on determining that persons are not using a name change to avoid financial obligations. *Id.* However, courts should exercise discretion in granting a name change "in such a way as to comport with good sense, common decency, and fairness to all concerned and the public." *Id.* (citing *Petition of Falcucci,* 355 Pa. 588, 592, 50 A.2d 200, 202 (1947)). Where a proposed name change may cause confusion or suspicion in business and social settings, such a name change should be denied on the grounds that it is contrary to public interest. See *In re Ravitch,* 754 A.2d 1287 (Pa. Super. 2000) (holding that the petition of a woman wishing to change her surname to "R." should be denied on the grounds that it would promote suspicion and distrust in public settings).

Mr. Temes proposes a name change that the court views as having two components. One component is the desire to add the phrase "talks to trees" to his birth name. The second component is his plan to use the initials "a.k.a." to join those two names together and use "Alan Georges Temes" in some settings and "talks to trees" in other settings. The court will address these two components separately, beginning with the use of "talks to trees."

There is no social interest in denying Mr. Temes the legal use of the name "talks to trees." A name is an intimate choice intricately bound up with one's identity and used to convey personal information to society. Shakespeare perhaps said it best: "Good name in man and woman, dear my lord, is the immediate jewel of their

souls." *Tragedy of Othello,* Act III, scene iii, 155. While Shakespeare was referring to the importance of reputation, society has long recognized the value of a name and the investment an individual has in his or her name. The name "talks to trees" is meaningful to Mr. Temes and while perhaps nontraditional in Euro-American society, it is certainly not confusing or offensive to common decency. If Mr. Temes wished to change his name to "Alan Georges Temes talks to trees," there would be no legal reason to deny the request.

The use of "a.k.a." to join Mr. Temes' birth name with "talks to trees" is more problematic. The phrase "aka", usually used as shorthand for "also known as" is used to connote aliases. Its use as part of a legal name would certainly promote confusion as to whether or not "talks to trees" was a part of Mr. Temes' legal name or whether it was an informal name used occasionally by Mr. Temes. Misunderstandings would arise and the name would engender suspicion and distrust in some settings. When granting a name change, courts must use "good sense" and "fairness to the public." *In re Grimes,* 509 Pa. at 392, 609 A.2d at 160 (citing *Petition of Falcucci,* 533 Pa. at 592, 50 A.2d at 202). In this case, good sense and fairness to the public require that the court deny the use of "a.k.a." as part of a legal name.

Wherefore, the court makes the following order.

### ORDER

And now, September 15, 2006, upon consideration of plaintiff's petition for a name change, it is hereby ordered and directed that the petition is denied.