J. S59034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE NAME CHANGE OF | : | IN THE SUPERIOR COURT OF |
| JOSEPH LEE OLLIE | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JOSEPH LEE OLLIE | : | |
| | : | No. 468 WDA 2015 |

Appeal from the Order February 25, 2015
In the Court of Common Pleas of Erie County
Civil Division No(s).: 13538-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 15, 2015**

Appellant, Joseph Lee Ollie, appeals *pro se* from the order entered in the Erie County Court of Common Pleas denying his petition to change his name.[1]  We affirm.

On December 31, 2014, Appellant, who is incarcerated, filed a *pro se* petition to change his name to Yusuf Abdullah Salleem.[2]  The court scheduled a hearing and directed Appellant to give notice of his petition "by publication . . . in the Erie Times News and . . . in the Erie County Legal Journal."  Trial Ct. Op., 5/14/15, at 2.  The court also ordered Appellant to

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 54 Pa.C.S. §§ 701-705, "Judicial Change of Name."

[2] Appellant's stated reason for a name change was: "I am a Muslim and I follow the Islamic Religious teachings of the Ka'ran and Sunah of prophet Muhammad, I move to dissolve the slave name that my Mother and/or Father had given to me, and I can't find any line of my decent or ancestors [sic]."  Appellant's Pet. for Change of Name, 12/31/14.

submit proofs of publication. Subsequently, the Pennsylvania State Police Criminal Records department filed a copy of Appellant's criminal history, which indicated he was convicted of, *inter alia*, rape in 1977.

On February 25, 2012, the trial court denied Appellant's petition on the ground that, *inter alia*, he had a prohibited felony conviction under 54 Pa.C.S. § 702(c)(2).[3] Appellant filed a motion for reconsideration, "attach[ing] for the first time a Proof of Publication of Notice in the Erie Times News."[4] *Id.* at 3. Appellant then took this timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant advances three bases for relief: (1) the trial "court based its denial of [his] petition upon the bald assertion by the Commonwealth that a change of name . . . would be detrimental to law enforcement records and might, therefore, be harmful to the public;" (2) Ms. Weismiller, the managing editor of the Erie County Legal Journal, "did not

_____

[3] Furthermore, the Erie County Clerk of Records had filed a statement certifying there were two liens against Appellant, both incurred in 2012: a Commonwealth tax lien of $20,551.52 and an Erie Municipal lien of $311.91. In denying Appellant's petition, the trial court also relied on 54 Pa.C.S. § 701(a.1)(4)(ii)(B), which requires a petitioner to produce "[a]n official search" showing "there are no judgments, decrees of record or other similar matters against" him. *See* 54 Pa.C.S. § 701(a.1)(4)(ii)(B). On appeal, Appellant does not challenge this reasoning.

[4] The trial court noted, "Heidi M. Weismiller, Managing Editor of the Erie County Legal Journal, promptly provided the Proof of Publication of Notice . . . directly to" it. Trial Ct. Op. at 3 n.1.

fulfill her agreement" to mail him a copy of the published notice; and (3) the court erred in denying his petition under Section 702 because more than "45 calendar years [sic] . . . have elapsed from the" completion of his sentence "and that he is not subject to . . . probation or parole." Appellant's Brief at 7-9. We find no relief is due.

Our Supreme Court has stated, "The trial court has wide discretion in ruling upon a petition to change name and should exercise its discretion in a way as to comport with good sense, common decency and fairness to all concerned and to the public." *In re McIntyre*, 715 A.2d 400, 402 (Pa. 1998).

As stated above, the trial court denied Appellants' petition, *inter alia*, pursuant to Section 702(c)(2), "Convicted felons." That subsection states:

> (1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:
>
> (i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or
>
> (ii) the person has been pardoned.
>
> (2) **The court may not order a change of name for a person convicted of** murder, voluntary manslaughter, **rape**, [additional offenses,] criminal conspiracy or criminal solicitation to commit any of the offenses listed above or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

54 Pa.C.S. § 702(c)(1)-(2) (emphases added).

Appellant does not dispute his prior record includes a rape conviction. His arguments on appeal—that the Commonwealth had baldly asserted a name change "would be detrimental to law enforcement" and the public, and that he has completed his sentence—wholly ignores Subsection 702(c)(2). We agree with the trial court's reasoning that under this subsection, the rape conviction, "regardless of how much time has passed since the conviction, prohibits [it] from granting Appellant's Petition for Change of Name. . . . [T]his Trial court is not authorized to grant a change of name." *See* Trial Ct. Op. at 6. We thus find the court did not abuse its discretion. *See In re McIntyre*, 715 A.2d at 402.

Because the court was prohibited from granting Appellant a name change under Subsection 702(c)(2), we need not consider his arguments concerning the Erie County Legal Journal's alleged failure to timely provide him a copy of the publication.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015