J-A14002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: A.S.D. A/K/A A.S.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.S.D. A/K/A A.S.D. | |
| | No. 3719 EDA 2016 |

Appeal from the Order Entered October 23, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2550 August, 2016

BEFORE: BENDER, P.J.E., BOWES, J., and SHOGAN, J.

CONCURRING MEMORANDUM BY BOWES, J.:  **FILED OCTOBER 24, 2017**

I concur with the majority that, although A.S.D.'s petition complies with the requirements listed in 54 Pa.C.S. § 702, our High Court's holding in **Petition of Falcucci**, 50 A.2d 200 (Pa. 1947), and our decision in **In re Harris**, 707 A.2d 225 (Pa.Super. 1997), which require a hearing pursuant to 54 Pa.C.S. § 701(a.1)(3) in all circumstances, necessitate a remand for a hearing.[1]  However, I write further to emphasize that A.S.D.'s compliance

---

[1] Section 701 of the Judicial Name Change statute reads, in relevant part:

    (a)    General rule.--Except as set forth in subsection (b) [relating to information name changes], it shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such changes in name is made pursuant to proceedings in court in accordance with subsection (a.1).

    (a.1) Procedure.--
*(Footnote Continued Next Page)*

with the technical requirements of the Judicial Change of Name statute, and the evidence proffered by objectors to the petition, should be the sole considerations utilized by the trial court when ruling on a name change petition.[2] In this regard, I am of like mind with Judge Popovich's concurring statement in **In re Harris**, **supra**.

_(Footnote Continued)_ ————————

. . . .

(3) Upon filing of the petition, the court shall do all of the following:

(i) Set a date for a hearing on the petition. The hearing shall not be held less than one month nor more than three months after the petition is filed.

54 Pa.C.S. § 701 (a) and (a.1)(3).

[2] Section 702 sets forth the procedural requirements of the Judicial Change of Name statute, in pertinent part, as follows:

(a) General rule.--The court of common pleas of any county may by order change the name of any person resident in the county.

(b) Procedure.--Prior to entry of an order of approval of change of name, all of the following shall apply:

(1) The court must forward to the Pennsylvania State Police a duplicate copy of the application for change of name and a set of the person's fingerprints. The person applying for the change of name is responsible for costs under this paragraph.

. . . .

(c) Convicted felons.--

_(Footnote Continued Next Page)_

In enunciating his position, Judge Popovich highlighted the rationale underlying the change of name statute, noting that the primary purpose

> is to prohibit fraud by those trying to avoid financial obligations. This intent is reflected in the penalty provision of the statute, which applies only to 'person[s] violating the provision of this chapter for the purpose of avoiding payment of taxes or other debts.'

*Id*. at 229 (Popovich, J., concurring) (citing ***Commonwealth v. Goodman***, 676 A.2d 234, 236 (Pa. 1996)). He observed that the statute is purely procedural, and absent an indication of fraudulent intent, "[t]his is where the inquiry ends." *Id*. at 229. Judge Popovich took exception to cases, such as this, where a transgender person filed an unopposed petition to validate a name change where that person had been living under an assumed name which matched that person's gender identity for an extended period of time. He argued that such petitions should be granted without "probing into [the

*(Footnote Continued)* ⸻

> (1) The court may order a change of name for a person convicted of a felony, subject to the provisions of paragraph (2), if:
>
>> (i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or
>>
>> (ii) the person has been pardoned.

54 Pa.C.S. § 702.

petitioner's] sex or his desire to express himself in the manner of his choosing." *Id*.

I believe that the hearing required by 54 Pa.C.S. § 701(a.1)(3) is intended to provide a forum for individuals or creditors to oppose a proposed name change based on suspected fraudulent purposes or other nefarious intent. *In re Miller*, 824 A.2d 1207, 1210-1211 (Pa.Super. 2003) (stating "the necessity for judicial involvement in name change cases centers on government concerns that persons not alter their identity to avoid financial obligations.") (brackets and citation omitted). Hence, any hearing held pursuant to the Judicial Change of Name statute should focus only upon evidence relating to these concerns and the requirements enunciated in § 702. I fear that any reason utilized outside the dictates of the statute to deny a petition raises the specter of pretext and constitutes an abuse of discretion.

Moreover, our High Court has long-held that the statute should be construed liberally, and that a trial court should exercise its discretion "in such a way as to comport with good sense, common decency and fairness to all concerned and to the public." *In re Zachary Thomas Andrew Grimes*, 609 A.2d 158, 160 (Pa. 1992) (quoting *Falcucci*, *supra*). Here, based on the compelling nature of Appellant's request, and in light of her compliance with the statute, equity and fairness militate in favor of granting her petition in order to align her name with her identity. Simply, the additional hurdles

imposed by the trial court did not work to effectuate a liberal construction of the statute or promote fairness in the proceedings.

Finally, in rendering its ruling, the trial court determined that, notwithstanding Appellant's satisfaction of the statute's requirements, it nevertheless retained discretion to deny her position. The trial court noted that the statute "**may** order a change of name for a person convicted of a felony [. . .] if at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole of any court, county probation agency or the Pennsylvania Board of Probation and Parole." Trial Court Opinion, 1/27/17, at 3 (emphasis in original) (citing 54 Pa.C.S. § 702(c)(1)(i)).

However, in that same section, the statute states, "The court **may not** order a change of name for a person convicted of," any one of a list of enumerated offenses. 54 Pa.C.S. § 702(c)(2) (emphasis added). In light of the seriousness of those offenses (including murder, voluntary manslaughter, and rape), I believe that the legislature did not intend for the court to exercise discretion with regard to name change petitions filed by individuals convicted of those offenses. That is, the phrase "may not" functions as a "shall not" for the purposes of the statute. This line of reasoning supports the conclusion that the term "may" operates as a mandatory, as opposed to a discretionary, mechanism within the confines of the Judicial Change of Name statute. **_See A. Scott Enterprises, Inc. City_**

*of Allentown*, 142 A.3d 779, 787 (Pa. 2016) (noting that "'may' can mean the same as 'shall' where a statute directs the doing of a thing for the sake of justice," but holding that the statute's plain language indicated it was used permissively in that case). In addition, interpreting the statute as requiring a court to grant a change of name petition, where its technical requirements are met and there is no evidence of fraudulent intent, comports with a liberal application of the act.

In summary, the statute provides the mechanism by which an individual formerly convicted of a non-serious offense may apply for a name change. It requires such an individual to wait two years following the completion of her sentence before applying for a change of name. Appellant, herein, fulfilled the dictates of the statute in this regard. The statute does not delineate a further waiting period, such as the one-year interval ordered by the court, before considering the name change application. Since this timeframe is not found in the statute, I believe it reflects an abuse of discretion and was fundamentally unfair to impose on Appellant.

Thus, as in the case herein, where a transgender petitioner files an unopposed name change petition, which comports with the requirements of § 702, I believe the petition should be granted if, upon holding the hearing, the court finds no indication that the name change is being sought for fraudulent purposes.

P.J.E. Bender and Judge Shogan join this concurring memorandum.