J-A08040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: IN THE MATTER OF PETITION FOR CHANGE OF NAME OF JOHN FITZGERALD PASSMORE | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN FITZGERALD PASSMORE | : : : : | |
| | : | No. 1355 WDA 2021 |

Appeal from the Order Entered October 4, 2021
In the Court of Common Pleas of Somerset County Civil Division at
No(s): 2021-60065

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: APRIL 19, 2022**

John Fitzgerald Passmore (Appellant) appeals *pro se* from the order entered in the Somerset County Court of Common Pleas on October 4, 2021, which denied his petition for name change pursuant to the Judicial Change of Name Act. ***See*** 54 Pa.C.S. §§ 701-705. Appellant asserts the trial court's denial of his petition violated his due process and equal protection rights because, *inter alia*, the court failed to hold a hearing on his petition and the court infringed upon his religious freedom. He also complains that his rights were violated when he paid a $75.25 filing fee but was not afforded a hearing. We affirm.

Relevant to this appeal, in 2003, Appellant was convicted of second-degree murder following his guilty plea to murder generally. ***See***

***Commonwealth v. Passmore***, 857 A.2d 697 (Pa. Super. 2004). The court subsequently sentenced him to life imprisonment. ***See id.***

On September 13, 2021, Appellant filed a *pro se* petition to change his name to "Abdui Saboor"[1] "so that it [would] conform to his cultural heritage and his belief in the Islamic religion." Appellant's Petition for Change of Name, 9/13/21, at 1. That same day, Appellant also filed two *pro se* motions: one for a "judgment search" and the other to direct prison officials to allow him to receive original copies of "Proof of Publication" and "Affidavit of Publication" as produced by "whatever company does [Appellant's] name change." ***See*** Motion to Direct SCI Somerset Prison Officials to Allow Petitioner to Receive the Original/Certified Copies of "Proof of Publication" and "Affidavit of Publication" from Whatever Company Does Petitioner's Name Change, 9/13/21. Appellant paid a filing fee of $72.25 to the Somerset County Prothonotary's Office.

On October 4, 2021, the trial court entered an order denying Appellant's petition and related motions without a hearing based on Section 702(c)(2), which prohibits the court from ordering, in relevant part, a change of name for a person convicted of murder. On October 6th, Appellant filed a motion for fingerprint and on October 11th, a motion for the return of the paid filing fee.

---

[1] We cannot ascertain the specific spelling of Appellant's desired first name from his handwriting. Accordingly, we will use the above-stated version.

Thereafter, on October 29, 2021, Appellant filed a motion for *in forma pauperis*, and a timely *pro se* notice of appeal. Though not directed to, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court entered an opinion pursuant to Pa.R.A.P. 1925(a) on November 10, 2021.[2]

Appellant raises five issues on appeal:

> A.     [Were] Appellant's due process and equal protection rights [ ] violated when Appellant was not given a hearing for change name proceeding?
>
> B.     [Were] Appellant's due process and equal protection rights [ ] violated when [the] trial court did not allow a hearing so [Appellant] could seek his name [to be] added to his legal name[?]
>
> C.     [Were] Appellant's due process and equal protection rights [ ] violated when Appellant [was prohibited from] chang[ing] [his] name, when such last name[] is the name of a criminal who enslaved Appellant's ancestors, [as] Appellant cannot be made to carry the last name of a criminal, whose name is "Passmore," who enslaved and raped Appellant's ancestors[?]
>
> D.     [Is] statute 54 Pa.C.S. § 702(c)(2) unconstitutional [because] it blatantly violates Appellant's right to religious freedom and religious rights, and violates Appellant's [d]ue process and equal protection rights, wherein, Appellant is seeking to follow his religion by adopting a Muslim name, because Appellant is a follower of the Islamic religion[?]
>
> E.     Was Appellant's due process [right] violated when the trial court took Appellant's filing fee of [$]72.25 [and] did not give Appellant a hearing?

---

[2] Appellant subsequently filed a second *pro se* notice of appeal as well as a supplemental Rule 1925(b) concise statement on November 24, 2021. Those documents are not before us.

- 3 -

Appellant's Brief at 4-6 (capitalization omitted).[3]

Initially, we note:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citations omitted). *See also* Pa.R.A.P. 2111, 2114-2119 (addressing specific requirements of each subsection of appellate brief on appeal).

Here, Appellant's brief violates the Rules of Appellate Procedure by failing to include this Court's scope and standard of review. *See* Pa.R.A.P. 2111(a). Appellant's brief also lacks any citation to the record or citation to authorities. *See* Pa.R.A.P. 2119(a), (c). Moreover, his brief is comprised of rambling and sometimes disjointed arguments. Nevertheless, we parsed

---

[3] Based on the nature of the arguments, we have reordered Appellant's issues for ease of disposition. Additionally, we will address Appellant's first four arguments together before turning to his final claim.

Appellant's claims to the best of our ability and therefore, we will review his appeal.[4]

Appellant's first four arguments all concern the court's denial of his name change petition. Appellant first claims that his petition was denied without a hearing which he contends he should have been afforded. *See* Appellant's Brief at 9-10. Consequently, he alleges the failure to hold a hearing was a violation of his due process and equal protection rights under the United States and Pennsylvania Constitutions. *See id.* Second, he avers that he should have been permitted to "add" his requested name to his legal name and that, again, the court's failure to hold a hearing constituted a violation of his due process and equal protection rights. *Id.* at 10-11. Third, he argues he should not be forced to "keep the last name of a slave owner," who "enslaved and raped [his] ancestors." *Id.* at 12. He states that keeping his last name subjects him to "cruel and unusual punishment" and he "must change his name and not carry on the legacy of slavery and oppression." *Id.* at 12-13. Lastly, he contends that Section 702(c)(2) is unconstitutional because it "blatantly violates" his right to "religious freedom and religious rights[.]" *Id.* at 13. He states his religion requires him to adopt a name that it is in accordance with his faith. *Id.* at 14. He alleges that no law in the

---

[4] Any issue we do not address that Appellant believes he has raised is waived as a result of the defects in his brief.

United States may violate a citizen's freedom of religion and practices, and that Section 702(c)(2) prevents him from adhering to his religious rights and practices. *Id.* at 14-15.

We are guided by the following with respect to the denial of a name change petition:

> Our Supreme Court has instructed that the established standard of review for cases involving petitions for change of name is whether or not there was an abuse of discretion. *In Re Zachary Thomas Andrew Grimes*, 609 A.2d 158, 159 n.1 (1992) (citing *Petition of Falcucci*, 50 A.2d [200,] 202 [(Pa. 1947)]). That Court has also provided us with an understanding of what constitutes an abuse of discretion, as follows:
>
>> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion. Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.
>
> *Harman v. Borah*, 756 A.2d 1116, 1123 (2000) (citing *Coker v. S.M. Flickinger Co., Inc.* 625 A.2d 1181, 1184-85 (1993) and *Morrison v. Commonwealth, Dept. of Public Welfare*, 646 A.2d 565, 571 (1994)). On matters involving petitions for a change of name, the Supreme Court has often cited the guiding principle first enunciated in *Falcucci*, where it declared:
>
>> Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency, and fairness to all concerned and to the public.
>
>> *Petition of Falcucci*, 50 A.2d at 202, (cited and restated in *In the Matter of Robert Henry*

> ***McIntyre*** (***In Re McIntyre***), 715 A.2d 400, 402 (1998); ***Grimes***, 609 A.2d at 160).

***In re Miller***, 824 A.2d 1207, 1210 (Pa. Super. 2003).

Historically, in Pennsylvania, "[t]he sole function of a name is to identify the person whom it is intended to designate[.]" ***Dept. of Public Assistance v. Reustle***, 56 A.2d 221, 223 (Pa. 1948). "Pennsylvania's Judicial Change of Name statute is entirely procedural in nature and provides the methods by which a person . . . may change his or her name on a permanent basis." ***Commonwealth v. Goodman***, 676 A.2d 234, 235 (Pa. 1996).

Section 701 provides, in relevant part:

> **(a)** ***General rule.*** – Except as set forth in subsection (b), it shall be unlawful for any person to assume a name different from the name by which such person is and has been known, unless such change in name is made pursuant to proceedings in court in accordance with subsection (a.1).

> **(a.1)** ***Procedure.*** --

> **(1)** An individual must file a petition in the court of common pleas of the county in which the individual resides. . . .

> \*    \*    \*

> **(3)** Upon filing of the petition, the court shall do all of the following:

> **(i)** Set a date for a hearing on the petition. The hearing shall be held not less than one month nor more than three months after the petition is filed.

> \*    \*    \*

> **(b)** *Informal change of name.* – Notwithstanding subsection (a), a person may at any time adopt and use any name if such name is used consistently, nonfraudulently and exclusively. The adoption of such name shall not, however, be in contravention of the prohibitions contained in section 702(c) (relating to change by order of court).

54 Pa.C.S. § 701(a), (a.1)(1), (3), (b).  In other words, Section 701 provides that an individual may file a petition to change their name, and the court is then required to set a hearing regarding the petition.  Moreover, an individual may informally change their name as long as they do so without violating Section 702.

Section 702(c) places limitations on name changes by certain individuals.  The relevant statutory text states: "**The court may not order a change of name for a person convicted of murder**[.]"  54 Pa.C.S. § 702(c)(2) (emphasis added).  Notably, Subsection 702(c)(2) does not include exceptions for any constitutional purpose, including freedom of religion.

> Turning to the present matter, the trial court found the following:

> [T]he statute in question authorizing the name change is clear that an applicant with a conviction of murder is not eligible to seek a name change for any reason, and therefore, with the confirmation of [Appellant's] conviction of murder in any degree, a hearing would be frivolous and therefore the motion was properly denied.

Trial Ct. Op., 11/10/22, at 2 (unpaginated).  We agree.

Appellant does not dispute that he was previously convicted of second-degree murder and is currently serving a term of life imprisonment for that crime.  Because Subsection 702(c)(2) explicitly prohibits a trial court from

granting a change of name petition for persons convicted of murder, on this statutory basis, the court is prohibited from granting Appellant's name change petition. As such, Appellant was not entitled to a hearing solely because he filed a petition pursuant to Section 701.

Moreover, to the extent Appellant alleges that the court erred by failing to add his proposed new name to his current legal name and that he is being "made to carry" the name of a "slave owner" which is in violation of his constitutional rights because it constitutes "cruel and unusual punishment," we conclude that these arguments fail for several reasons. **See** Appellant's Brief at 10-13. First, a review of the record reveals that Appellant did not raise these claims before the trial court and therefore, they are waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[5] Second, adding more words to a name plainly amounts to a change of that name. As stated above, in accordance with Subsection 702(c)(2), the court may not order the change of a name for a person convicted of murder. Appellant has not provided any authority to the contrary to support the notion that the addition of names to an original name does not constitute a change of that name. Third, Appellant

_____

[5] Appellant did raise the arguments in his original and supplemental concise statements. However, "[i]t is well settled that issues not raised below cannot be advanced for the first time in a [Rule] 1925(b) statement or on appeal." ***Irwin Union Nat'l Bank & Tr. Co. v. Famous***, 4 A.3d 1099, 1104 (Pa. Super. 2010).

has not provided any case law or argument, other than bald assertions, that denying his request to change his name amounts to "cruel and unusual punishment." We will not act as counsel and advocate on his behalf. *See Adams*, 882 A.2d at 497-98.

Regarding Appellant's claim that his constitutional right to religious freedom was violated because the trial court denied his change of name petition, we note:

> Both the Pennsylvania and United States Constitutions guarantee the free exercise of religion. We are guided by our sister Court that has recognized that it is proper to follow federal precedent in considering a free exercise of religion claim under both the Pennsylvania and United States Constitutions, because the Pennsylvania Constitution does not give broader protection to this right. Accordingly, we will analyze Appellant's claim pursuant to the United States Constitution.
>
> The First Amendment of the United States Constitution provides: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.] The Establishment Clause of the First Amendment, applied to the States through the Fourteenth Amendment, prevents a State from enacting laws that have the purpose or effect of advancing or inhibiting religion. However, the freedom of religion guaranteed by the First Amendment does not include freedom from all regulation of an individual's acts and conduct as contradistinguished from his beliefs. While the First Amendment prohibits the government from burdening the free exercise of religion, the First Amendment is only implicated if the governmental burden on an individual's religious practice is **substantial**. In order to establish a substantial burden, [a party] must . . . allege state action that is either compulsory or coercive in nature.

*Kaur v. Singh*, 259 A.3d 505, 509-10 (Pa. Super. 2021) (emphasis in original; citations, quotation marks, and internal quotation marks omitted).

- 10 -

Here, Appellant merely avers that his rights have been violated because the statute does not provide for an exception where a person converts to a new religion that requires a name change. *See* Appellant's Brief at 14. Appellant does not argue nor present any explanation as to how the denial of his petition "substantially burdens" his free religious exercise. *See Kaur*, 259 A.3d at 509-10. Appellant has failed to even cite a particular tenet of Islam that requires or commands a name change. Subsection 702(c)(2) does not prohibit Appellant from practicing his religion, nor does it prohibit him from informally using a religious name with family, friends, or fellow followers of Islam. *See* 54 Pa.C.S. § 701(b). Without demonstrating that Section 702(c) substantially limits his free religious exercise, we cannot find the statute violates Appellant's religious rights. Accordingly, Appellant's first four arguments are unavailing.

Finally, Appellant contends his $72.25 filing fee must be refunded because his due process rights were violated after his petition was denied without a hearing. *See* Appellant's Brief at 9. His entire argument in support of this assertion is one sentence:

> Appellant is entitled to all monies sent for filing fee, as due process demands this, when, Appellant was not afforded a hearing in the above matter, and yet Appellant's money was taken anyway by the trial court.

*Id.*

Here, the trial court stated the "return of the filing fee was not addressed[, but that Appellant] has not demonstrated an entitlement to a

- 11 -

refund[.]" Trial Ct. Op. at 2 (unpaginated). Like his arguments above, Appellant fails to point to any authority explaining why he is entitled to a refund of the filing fee. Moreover, the court did review the matter but concluded that pursuant Section 702(c), it was not allowed to grant Appellant's request to change his name. Thus, as the trial court stated, holding a hearing would have been "frivolous." Trial Ct. Op. at 2. We reiterate that "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Adams*, 882 A.2d at 498. Therefore, Appellant's final argument fails as well.

Accordingly, we conclude the trial court did not err in denying Appellant's name change petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2022