**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE: S.D.M. (A.K.A. S.R.M) | : | No. 414 MAL 2022 |
| | : | |
| | : | Petition for Allowance of Appeal from |
| PETITION OF: S.D.M. | : | the **Unpublished Order** of the |
| | : | Superior Court at No. 58 EDM 2022 |
| | : | entered on August 16, 2022,  the |
| | : | Order of the Montgomery County |
| | : | Court of Common Pleas at No. 2021- |
| | : | 24882 (Moore, S.J.), entered on |
| | : | March 2, 2022 |
| | : | |

| | | |
|---|---|---|
| IN RE: S.D.M. (A.K.A. S.R.M) | : | No. 96 MM 2022 |
| | : | |
| | : | Appeal from the Order of the |
| PETITION OF: S.D.M. | : | Superior Court at No. 58 EDM 2022 |
| | : | dated August 16, 2022  the Order of |
| | : | the Montgomery County Court of |
| | : | Common Pleas at No. 2021-24882 |
| | : | dated March 2, 2022 |
| | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**                                    **FILED:  March 24, 2023**

I join the Court's order denying *allocatur* and declining to exercise extraordinary jurisdiction.  I write separately to clarify, for bench and bar, my position that the denial of discretionary review in this instance is necessary in light of the case's procedural posture, and not the lack of a legal question worthy of our attention.

Petitioner invokes cases regarding the collateral order doctrine despite the fact that he sought certification of an interlocutory issue below,[1] misapprehends the applicable standard of review as set forth in the statute regarding certification,[2] and seeks the exercise of our rarely-invoked extraordinary jurisdiction to raise constitutional claims that he waived by failing to argue them in the lower courts.[3] In light of these procedural defects, it would be imprudent for the Court to grant review.

I recognize, however, that while we have passed upon the name-change statute that underlies this appeal in general,[4] we have not examined the particular provision at the heart of Petitioner's case. Section 701(a.1)(3)(iii) specifies that where a court finds that Section 701(a.1)(3)(ii)'s requirement of publication of a name change in two newspapers "would jeopardize the safety of the person seeking the name change . . . the notice required shall be waived."[5] Because this Court has yet to opine upon the discretion that a trial court wields in animating that waiver provision or the required quantum of proof, it constitutes a question of first impression.[6]

---

[1] *Compare* S.D.M. PAA at 21-22 (citing cases), *with* 42 Pa.C.S. § 702(b) (permitting certification where a court determines that an interlocutory order involves a controlling question, and that immediate appeal may advance the ultimate termination of the matter).

[2] *Compare* PAA at 23 ("[T]he Superior Court's denial of Petitioner's interlocutory appeal was an abuse of discretion."), *with* Pa.R.A.P. 1312(a)(5)(ii) (indicating that a petitioner challenging the denial of a certification under Section 702(b) must show that it was "so egregious as to justify prerogative appellate correction").

[3] *Cf. Commonwealth v. Fahy*, 737 A.2d 214, 224 (Pa. 1999) (finding that this Court's King's Bench powers "do not constitute a vehicle by which we may circumvent" procedural defects in order to reach the merits of an appeal).

[4] *See Matter of McIntyre*, 715 A.2d 400, 402 (Pa. 1998) ("The trial court has wide discretion in ruling upon a petition to change name and should exercise its discretion in a way as to comport with good sense, common decency and fairness to all concerned and to the public.").

[5] 54 Pa.C.S. §§ 701(a.1)(3)(ii)-(iii).

[6] *See* Pa.R.A.P. 1114(b)(3).

Petitioner has offered evidence demonstrating that most requests for waiver of the publication requirement are granted,[7] and, on an initial reading, the statute seems to suggest a fairly liberal standard.  In a future case, where a court refuses to grant a waiver and where the issues at hand have been properly preserved, I would not hesitate to vote in favor of reviewing this important question.

---

[7]     In support of his motion, Petitioner attached a declaration from Attorney Thomas W. Ude, Jr., of the Mazzoni Center in Philadelphia.  Attorney Ude averred that approximately 175 of 225 name-change petitioners who sought waiver over the course of six years saw their motions granted.