J-S32007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DION CRAWFORD | : | |
| Appellant | : | No. 335 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 4, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012507-2019

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: NOVEMBER 19, 2021**

Dion Crawford appeals from the judgment of sentence, imposed in the Court of Common Pleas of Allegheny County, after the court convicted him, following a nonjury trial, of obstructing the administration of law,[1] tampering with physical evidence,[2] and possession of drug paraphernalia.[3] Upon careful review, we vacate Crawford's judgment of sentence as to his convictions for obstructing the administration of law and tampering with physical evidence, discharge him with regard to those convictions, and remand the case to the trial court for resentencing on the remaining count of possession of drug paraphernalia.

---

[1] 18 Pa.C.S.A. § 5101.

[2] 18 Pa.C.S.A. § 4910.

[3] 35 P.S. § 780-113(a)(32).

The trial court summarized the facts and procedural history of this case as follows:

> On October 23, 2019, Penn Hills Police responded to a laundromat located on Robinson Boulevard for a report of a suspicious male. The 911 caller reported that a black male, wearing a black leather jacket, blue jeans, and a blue ballcap had been observed damaging the machines inside the laundromat. When the responding officer arrived, he observed a black male matching the description provided by the 911 caller standing in front of the business. The officer directed the male, later identified as Crawford, to place his hands on the police vehicle, at which point Crawford surreptitiously reached into his right front pocket and retrieved a small metal cylindrical object, which he then abruptly deposited onto the ground. The officer observed Crawford's actions and recognized the item he [had] deposited onto the ground as a crack pipe. When the officer asked Crawford if he was in possession of any other contraband or weapons, Crawford fled the scene and led the officer on a foot pursuit before ultimately being apprehended. Crawford continued to be noncompliant and refused to place his hands behind his back. Two backup officers eventually arrived and assisted the initial officer in taking Crawford into custody.
>
> Following a nonjury trial on October 29, 2020, Crawford was found guilty of [the above offenses]. On February 4, 2021, Crawford was sentenced to [concurrent] period[s] of two (2) years' probation in relation to his convictions for obstruction and tampering with evidence[.] No further penalty was imposed in relation to Crawford's conviction for possession of drug paraphernalia. Crawford subsequently filed a notice of appeal to the Superior Court on March 5, 2021, and thereafter filed his concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b)[.]

Trial Court Opinion, 7/14/21, at 2-3.

On appeal, Crawford challenges the sufficiency of the evidence supporting his convictions for tampering with evidence and obstructing the

administration of law.[4]  Our standard of review of a sufficiency claim is well-settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt.  Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.  It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder.  The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. N.M.C.*, 172 A.3d 1146, 1149 (Pa. Super. 2017).

Crawford first challenges the sufficiency of the evidence supporting his conviction for tampering with physical evidence.  Here, Crawford argues that the trial court's conclusion that he

_____

[4] In its Rule 1925(a) opinion, the trial court concluded that Crawford had waived his challenges to the sufficiency of the evidence because his Rule 1925(b) statement "offers no material facts in support of his contention" and "fails to cite any precedential authority in support of his sufficiency challenges."  Trial Court Opinion, 7/14/21, at 4.  We disagree.  Rule 1925 specifically states that "[t]he judge shall not require the citation to authorities or the record[.]"  Pa.R.A.P. 1925(b)(4)(ii).  Moreover, we find that Crawford's statement "identif[ies] each error that [he] intend[ed] to assert with sufficient detail to identify the issue to be raised[.]"  *Id.*  Accordingly, we will review Crawford's claims.

"surreptitiously deposited the [crack pipe] onto the ground upon being approached by police" is definitively refuted by the dashcam footage entered into evidence during trial. The footage demonstrates that [] Crawford emptied his pockets only *after* Officer [Christopher] Broker had approached and detained him, and that he did so casually and in full view of Officer Broker. Moreover, Officer Broker's testimony contains no suggestion that there was anything "surreptitious[]" about the manner in which [] Crawford "deposited" the crack pipe. To the contrary, Officer Broker testified that he "watched [Crawford] pull the crack pipe out of his pocket and then [] watched it hit the ground" and answered in the affirmative when asked if [] Crawford had dropped the crack pipe "at [his] feet." There was also no evidence that the crack pipe was in any way damaged; to the contrary, Officer Broker testified that he did not recall whether the object shattered.

Brief of Appellant, at 11 (citations to record omitted).

In support of his argument, Crawford relies on our Supreme Court's decision in **Commonwealth v. Delgado**, 679 A.2d 223 (Pa. 1996). There, police were conducting a controlled buy with a confidential informant ("CI"). After the CI made contact with Delgado—the target—the CI gave the police the pre-arranged hand signal to intervene. Police approached Delgado, who then fled down an alley. As he was doing so, one of the pursuing officers observed Delgado throw an object on top of a small building. The object was retrieved and subsequently determined to be a plastic bag containing 17.1 grams of cocaine. Delgado was convicted of possession of cocaine, possession of cocaine with intent to deliver, and tampering with evidence.

On allowance of appeal, the Supreme Court reversed Delgado's tampering conviction, holding that:

Delgado's act of discarding contraband in plain view of the police does not rise to a level of conduct that constitutes the destruction

or concealment of evidence as contemplated by the statute. The act of throwing the bag of cocaine while being chased by the police was nothing more than an abandonment of the evidence. We reach this conclusion mindful of the principles of construction for the Crimes Code:

> The provisions of [the Crimes Code] shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved.

18 Pa.C.S.[A.] § 105.

> We note that in general a conviction for simple possession of cocaine is a misdemeanor of the third degree punishable by a maximum term of imprisonment of one year. 35 P.S. §§ 780–113(16), (37)(b); 18 Pa.C.S.[A.] § 106(b)(9). Tampering with evidence is a misdemeanor of the second degree punishable by a maximum sentence of two years' imprisonment. 18 Pa.C.S.[A.] § 4910(1); 18 Pa.C.S.[A.] § 106(b)(7). Under these circumstances, we do not believe that the General Assembly intended the simple act of abandoning evidence in plain view of the police to constitute the commission of an additional crime of a greater degree.

*Id.* at 225.

As relevant here, a person commits the offense of tampering with evidence where, "believing that an official proceeding or investigation is pending or about to be instituted, he . . . alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]" 18 Pa.C.S.A. § 4910.

> To establish the offense of tampering with evidence, the Commonwealth must prove three interrelated elements: (1) the defendant knew that an official proceeding or investigation was pending (or about to be instituted); (2) the defendant altered, destroyed, concealed, or removed an item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation.

*Commonwealth v. Toomer*, 159 A.3d 956, 961 (Pa. Super. 2017).

Here, upon careful review of Officer Broker's testimony, as well as the dashcam video, we are constrained to agree with Crawford that this case is analogous to *Delgado* and, therefore, his conviction for tampering cannot stand. Officer Broker testified as follows at trial:

> Q. And once you made contact with the defendant, what happened?
>
> A. Based on the way that the call came in, I instructed Mr. Crawford to place his hands on the patrol vehicle.
>
> Q. And was he compliant?
>
> A. He was at first.
>
> Q. When you say he was at first, what do you mean by that?
>
> A. I instructed Mr. Crawford to place both of his hands on the hood of my police vehicle in front of my dashcam.
>
> Q. And once you did that, what did you do next?
>
> A. Mr. Crawford then reached down into his pocket and pulled out an object and threw it on to the ground. I asked Mr. Crawford what that was. He responded, ["]A crack pipe, sir.["]
>
> . . .
>
> Q. And was it immediately apparent to you what the defendant had dropped?
>
> A. It was.
>
> Q. And did the defendant identify this object as a crack pipe?
>
> A. He did say it was a crack pipe.

N.T. Nonjury Trial, 10/29/20, at 10-11.

The dashcam footage of the above-described interaction shows Officer Broker standing directly behind Crawford and slightly to Crawford's right.

Crawford removes an item (subsequently determined to be a crack pipe) from his left jacket pocket and passes it from his left hand to his right hand. As Officer Broker holds the sleeve of Crawford's right jacket arm, Crawford drops the item on the ground using that same arm. Officer Broker can be seen watching as the item falls to the ground.[5]

Here, as in **Delgado**, Crawford's act of "discarding contraband **in plain view of the police** does not rise to a level of conduct that constitutes the destruction or concealment of evidence as contemplated by the statute."[6] **Id.** (emphasis added). Moreover, possession of drug paraphernalia—here, a crack pipe—is an ungraded misdemeanor, punishable by not more than one year's incarceration. **See** 35 P.S. 780-113(i); 18 Pa.C.S.A. § 106(b)(9), (8). Tampering with evidence is a misdemeanor of the second degree, punishable by a maximum of two years' incarceration. **See** 18 Pa.C.S.A. 4910(1); **id.** at § 106(b)(7). As the Supreme Court concluded in **Delgado**, "we do not believe that the General Assembly intended the simple act of abandoning evidence in plain view of the police to constitute the commission of an additional crime of a greater degree." **Delgado**, 679 A.2d at 225. Accordingly, even viewing the

---

[5] The verbal exchange between Officer Broker and Crawford is inaudible.

[6] The Commonwealth's reliance on **Commonwealth v. Jones**, 904 A.2d 24 (Pa. Super. 2006), is misplaced. There, Jones actually destroyed the evidence—believed to be a crack pipe—with which he was charged with tampering by stepping on it as he walked towards a patrol car prior to his arrest.

evidence in the light most favorable to the Commonwealth as verdict-winner, we agree with Crawford that his conviction for tampering cannot be sustained.

Crawford next challenges the sufficiency of the evidence supporting his conviction of obstructing the administration of law. A person is guilty of that offense where he:

> intentionally obstructs, impairs or perverts the administration of law or other governmental function **by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest**, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S.A. § 5101 (emphasis added).

In order to establish that Crawford obstructed the administration of law under section 5101, the Commonwealth must establish that: (1) he had the intent to obstruct the administration of law; and (2) he used force or violence, breached an official duty, or committed an unlawful act. ***Commonwealth v. Goodman***, 342, 676 A.2d 234, 235 (Pa. 1996). The obstruction statute specifically excludes from its ambit "flight [or] refusal to submit to arrest." 18 Pa.C.S.A. § 5101. The explanatory note to Model Penal Code section 242.1, which the legislature adopted, *verbatim*, in section 5101, explains this exception as follows:

> Specifically excluded from [s]ection 242.1 are the acts of "flight by a person charged with crime" and "refusal to submit to arrest." **The effect of these exclusions is to relegate such conduct to the** [s]ection 242.2 **offense of resisting arrest**. This provision covers a person who, for the purpose of preventing a

lawful arrest, "creates a substantial risk of bodily injury" or "employs means justifying or requiring substantial force to overcome the resistance." **This language exempts from liability nonviolent refusal to submit to arrest and such minor acts of resistance as running from a policeman or trying to shake free of his grasp**. The policy judgment underlying this curtailment of coverage is that authorizing criminal punishment for every trivial act of resistance would invite abusive prosecution. Of course, [s]ection 242.2 does not limit the policeman's authority to pursue a fleeing suspect or to use force if necessary to effect an arrest.

Model Penal Code § 242.1, Explanatory Note (emphasis added).

The trial court found the evidence to be sufficient to sustain a conviction under section 5101 where Crawford's "actions, viewed collectively, were sufficient to establish that, knowing he was the subject of a police investigation, [he] intentionally obstructed the administration of law . . . by attempting to discard the crack pipe before the police officer discovered it on his person." Trial Court Opinion, 7/14/21, at 6. We disagree.

Here, Crawford did not use force or violence, breach an official duty, or commit an unlawful act. *Goodman*, *supra*. Rather, as we concluded above, he merely attempted to abandon evidence in plain view of Officer Broker. When Officer Broker asked Crawford what the object was, he immediately admitted that it was a crack pipe. Crawford's subsequent act of shaking free from Officer Broker's grasp and fleeing is specifically excluded from consideration under the statute. *See* 18 Pa.C.S.A. § 5101; *see also* Model Penal Code § 242.1, Explanatory Note.

The Commonwealth argues that

[w]hile [section 5101] does indicate that it does not apply to "flight by a person charged with crime [or the] refusal to submit to arrest," the statute's plain language makes clear that it only does not apply in those circumstances in which the flight occurs "without affirmative interference with governmental functions." Here, Officer Broker testified that[,] after he had to forcibly take hold of one of Crawford's hands in an attempt to get him to comply with his request to put his hands on the vehicle's hood, Crawford broke away from him and ran off. The Commonwealth submits that this action by Crawford would certainly qualify as an affirmative interference with the investigation that Officer Broker was trying to undertake, and, as a result, the exception for flight . . . is actually inapplicable to [Crawford].

Brief of Appellee, at 10. We disagree.

The logic of the Commonwealth's argument would have us define "affirmative interference with governmental functions" to include any act of noncompliance or flight, thus effectively negating the exception contained within the statute. If mere flight and refusal to submit to arrest, alone, constituted an "affirmative interference with governmental functions," the language exempting flight and similar acts would be entirely superfluous, contrary to the basic tenets of statutory construction, and render the offense of resisting arrest, **see** 18 Pa.C.S.A. § 5104, meaningless. **See** 1 Pa.C.S.A. § 1921(a) (requiring courts to aim to give effect to all of a statute's provisions). We decline to usurp the function of the legislature, which is "presumed not to intend any statutory language to exist as mere surplusage." **Commonwealth v. Ostrosky**, 909 A.2d 1224, 1232 (Pa. 2006).

In the alternative, the Commonwealth further argues that, "even putting aside Crawford's flight, his actions with the crack pipe are alone sufficient to sustain his conviction," as "even unsuccessful attempts to obstruct the

- 10 -

administration of the law satisfy the terms of the statute." Brief of Appellee, at 11. We disagree. The statute requires that a defendant obstruct the administration of law "by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act[.]" 18 Pa.C.S.A. § 5101. The act of dropping a crack pipe, in full view of a police officer, and then candidly admitting to having done so upon questioning, plainly does not satisfy the language of the statute.

In light of the foregoing, we are constrained to vacate Crawford's judgments of sentence, and discharge him, as to his convictions for tampering with evidence and obstructing the administration of law. Because the trial court imposed no further penalty on Crawford's conviction for possession of drug paraphernalia, we are obliged to remand for resentencing. **See Commonwealth v. Brown**, 26 A.3d 485, 510 (Pa. Super. 2011) ("[W]here this Court vacates a conviction in a multiple count appeal, and vacating the conviction upsets the trial court's overall sentencing scheme, this Court must remand for re-sentencing because sentencing lies within the sole discretion of the trial court.").

Judgments of sentence vacated and Appellant discharged as to convictions for tampering with evidence and obstructing the administration of law. Case remanded for resentencing on possession of drug paraphernalia. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2021